An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

SFR INVESTMENTS POOL 1, LLC, A NEVADA LIMITED LIABILITY COMPANY,
Appellant,
vs.
U.S. BANK, N.A., A NATIONAL BANKING ASSOCIATION AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF WELLS FARGO ASSET SECURITIES CORPORATION, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR4,
Respondent.

No. 63614

FILED

NOV 03 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER VACATING, REVERSING, AND REMANDING

This is an appeal from orders denying a preliminary injunction and granting a motion to dismiss in a quiet title action. Eighth Judicial District Court, Clark County; David B. Barker, Judge.

The district court denied SFR Investments' motion for a preliminary injunction and subsequently granted U.S. Bank's motion to dismiss, finding that SFR Investments had failed to state a viable claim for relief because NRS 116.3116(2)'s superpriority provision "is not applicable when the HOA foreclosed its lien under NRS 116.31162- NRS 116.31168, the nonjudicial foreclosure statutes," and "the first security interest Deed was not extinguished by the foreclosure sale conducted by the HOA." This court's recent disposition in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. ___, 334 P.3d 408 (2014), decides that a common-interest community association's NRS 116.3116(2) superpriority lien has true priority over a first security interest, and the association may nonjudicially foreclose on that lien. The district court's decisions thus

14-36344

were based on an erroneous interpretation of the controlling law and did not reach the other issues colorably asserted. Accordingly, we

VACATE the order denying preliminary injunctive relief, REVERSE the order granting the motion to dismiss, AND REMAND this matter for proceedings consistent with this order.

_____, J.
Pickering

_____, J.
Saitta

PARRAGUIRRE, J., concurring:

For the reasons stated in the *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. ___, 334 P.3d 408 (2014), dissent, I disagree that respondent lost its lien priority by virtue of the homeowners association's nonjudicial foreclosure sale. I recognize, however, that *SFR Investments* is now the controlling law and, thusly, concur in the disposition of this appeal.

_____, J.
Parraguirre

cc:    Hon. David B. Barker, District Judge
       Howard Kim & Associates
       Wright, Finlay & Zak, LLP/Las Vegas
       Eighth District Court Clerk